

COURT HOUSE, HOMER, LA
ERECTED 1857

BRIAN M. FLYNN
CLERK OF THE 2ND JUDICIAL DISTRICT COURT
P. O. Box 330
HOMER, CLAIBORNE PARISH, LOUISIANA 71040
TELEPHONE (318) 927-9601
FAX (318) 927-2345

January 30, 2025

Ryan York, AAG
Louisiana Department of Justice
330 Marshall Street, Suite 777
Shreveport, Louisiana 71101

***In re: #43415 Tramain Polk vs. Lt. Davis, et al***

Dear Ryan:

Please find enclosed a certified copy of the complete file regarding the case referenced above. This case consists of a total of eighteen (18) pages.

Should you have any questions, please do not hesitate to give me a call.

Sincerely,

Shannon T. Skinner
*Deputy Clerk of Court*
*Claiborne Parish, Louisiana*

STS/
Enclosures
Cc: File 43415
Donna Grodner

LIZ MURRILL
ATTORNEY GENERAL

STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
LITIGATION DIVISION
SHREVEPORT

330 MARSHALL STREET
SUITE 777
SHREVEPORT, LA 71101
TELEPHONE: (318) 676-5700
FACSIMILE: (318) 676-5703

January 29, 2025

***Via U.S. Mail and Facsimile (318) 927-2345***

Honorable Brian M. Flynn
Claiborne Parish Clerk of Court
Attn: Shannon
P. O. Box 330
Homer, Louisiana 71040

Re: **Tramain Polk vs. Lt. Davis, et al**;
No. C-43,415, 2nd JDC, Claiborne Parish, State of Louisiana

Dear Madam Deputy Clerk:

After thorough review of the above-captioned matter, the State Defendants are going to remove this case to federal court. Please send certified copies of all the pleadings/documents that have been filed in this matter as they have to be attached to the Notice of Removal as exhibits for the record.

Thank you for your assistance and cooperation in this matter.

Sincerely Yours,

RYAN YORK
Assistant Attorney General

RY/mk

FILED
JAN 29 2025
DEPUTY CLERK
CLAIBORNE PARISH, LA

C 43415

TRAMAIN POLK * CIVIL ACTION NO.: DIV. ____
* 2nd JUDICIAL DISTRICT COURT
v. * CLAIBORNE PARISH
*
LT. DAVIS; and *
STATE OF LOUISIANA THROUGH * JUDGE
LOUISIANA DEPARTMENT OF *
PUBLIC SAFETY AND CORRECTIONS * STATE OF LOUISIANA
DAVID WADE CORRECTIONAL CENTER FILED:__________
**************** ********************

FILED OCT 30 2024 DEPUTY CLERK CLAIBORNE PARISH, LA

**PETITION FOR DAMAGES/MACE LOSS OF EYESIGHT**

NOW INTO COURT, through undersigned counsel, comes Mr. TRAMAIN POLK, for all injuries incurred as a result of the actions of Defendant in negligence/respondeat superior or other causes as follows:

1.

**VENUE**

Venue is proper in this jurisdiction under La. R.S. 15:1184 (F) in that DWCC is located in this Parish and the wrongful conduct occurred in this Parish. TRAMAIN POLK was housed at DWCC at the time of the incident.

2.

**EXHAUSTION**

Exhaustion of administrative procedures are not necessary to bring tort claims and the requirement for an inmate is unconstitutional. This claim is a tort claim. Pope v. State, 792 So. 2d 713 (La. 2001). The incident happened on 8.20.23 and the ARP seeking the video was submitted on 8.21.23 Notwithstanding, all administrative procedure were exhausted on 2/24/2024 through 2nd step in DWCC-2023-398.

3.

Parties

**PLAINTIFF**:

**TRAMAIN POLK #600789On** is a major who during material times herein was incarcerated in the DAVID WADE Correctional Center, and who was an inmate at that facility where he sustained injuries.

4.

**DEFENDANT(S)**

**LT. DAVIS**, sued in his individual capacity, a resident of the full age of majority domiciled in the Parish of Claiborne, State of Louisiana, and working at DAVID WADE Correctional Center as the DIRECTOR OF NURSING (DON) and who was acting in the course and scope of employment as the director of nursing ans supervisor of the medical department, when she failed, refused to provide appropriate medical treatment and who is amenable to process through Rhonda Weldon, Department of Public Safety and Corrections, 504 Mayflower Street, Baton Rouge, Louisiana 70802.

43415

**STATE OF LOUISIANA, through the DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS (DOC)**, sued pursuant to respondeat superior under all state law claims, pursuant to La. R.S. 36:401, a statutorily created and established body corporate having the power to sue and be sued, the domicile of which is the Parish of East Baton Rouge in the State of Louisiana, which is the governing authority over the DAVID WADE CORRECTIONAL CENTER (DWCC) amenable to service of process through Department of Public Safety and Corrections, Secretary James LeBlanc, 504 Mayflower Street, Baton Rouge, Louisiana 70802 and the ATTORNEY GENERAL and the Department of Risk Management through the Office of the Governor through the Honorable Liz Murrell, State of Louisiana, 1885 N. 3rd St., 3rd Floor, Baton Rouge, Louisiana, 70802.

5.

GENERAL ALLEGATIONS

ON August 20, 2023, TRAMAIN POLK was housed at DWCC in N4A #1 and he had no problems with either eye or his eye sight..

6.

During 2019 and thereafter LT. DAVIS was a Department of Corrections employee during all material times herein he was in the course and scope of his employment.

7.

On August 20, 2023, LT. DAVIS was carrying a can of chemical weapon on his person.

8.

In the alternative, LT. DAVIS did not have the consent of the Warden to carry a weapon on to the NRA Tier.

9.

LT. DAVIS sprayed TRAMAIN POLK three times in his face and head while in his cell and in full restrains and then escorted him to the lobby and sprayed directly in his right eye and mouth a 4th time by LT. DAVIS.

10.

TRAMAIN POLK was on his knees in restraints when LT. DAVIS used the chemical weapon.

11.

TRAMAIN POLK was in severe pain, unable to breathe or see and he was begging for medical and for a shower, but he was denied.

12.

In McCoy v. Alamu, 950 F.3d 226 (5th Cir. 2020), cert. granted, judgment vacated,



43415

141 S. Ct. 1364, 209 L. Ed. 2d 114 (2021), State prisoner brought pro se § 1983 action against correctional officer, alleging that officer violated his Eighth Amendment rights by spraying him in the face with a chemical agent without provocation, which the Fifth Circuit affirmed the dismissal of the action on qualified immunity finding the right to be free from being sprayed in the face with mace was not well established at the time. In McCoy v. Alamu, 141 S. Ct. 1364, 209 L. Ed. 2d 114 (2021), "On petition for writ of certiorari to the United States Court of Appeals for the Fifth Circuit. Petition for writ of certiorari granted. Judgment vacated, and case remanded to the United States Court of Appeals for the Fifth Circuit for further consideration in light of Taylor v. Riojas, 592 U.S. ——, 141 S.Ct. 52, 208 L.Ed.2d 164 (2020) (per curiam)."

13.

Once Captain Jones arrived TRAMAIN POLK was forced to wait longer to take a shower.

14.

TRAMAIN POLK saw NP Fussell the next day and at that time pus or other matter was already coming out of his right eye.

15.

Unknown to TRAMAIN POLK, he was writing request after request to see an the eye doctor at DWCC, but the eye doctor had terminated his services with DWCC and TRAMAIN POLK was not allowed to see anyone until October 30, 2023 when he saw NP Fussell.

16.

TRAMAIN POLK began wearing an eye patch.

17.

On October 20, 2023, NP Fussell saw TRAMAIN POLK'S eye and informed that there was nothing that David Wad could do about his eye and thy would then send him to an outside doctor.

18.

There was no referral from DWCC to an outside doctor and TRAMAIN POLK was transferred to LSP, where he is now being told he will see a doctor for his right eye damage.

19.

All video was timely requested by reference to body cam in the ARP and by the attorney for litigation purposes.



43415

20.

TRAMAIN POLK made multiple sick calls for the damage to his right eye.

21.

LT. DAVIS was well aware that he was using a chemical weapon in the face of TRAMAIN POLK's and that such weapon would cause continuous serious debilitation condition.

22.

Defendants took little action to provide appropriate or any emergency medical care.

23.

Defendants were aware of the serious medical condition and did nothing.

24.

TRAMAIN POLK has sought medical treatment, but not received adequate medical treatment.

25.

He is now unable to see during the day in the light and he is only able to see at night. His injuries are now long standing and thought to be permanent.

26.

The Constitution, statutes, rules and regulations enacted to protect inmates were disregarded.

27.

La. R.S. 15:829, which allows the Secretary of the Louisiana Department of Public Safety and Corrections to enact rules and regulations governing inmates and guards, provides that corporal punishment of inmates is forbidden. See also, LAC 22:3309 (B) and see Department Regulation No. c-02-006 (6)(b)(c)(d).

> A. The secretary of the Department of Public safety and Corrections shall prescribe rules and regulations for the maintenance of good order and discipline for inmates sentenced to the legal custody of the department whether housed in local or state facilities, which rules and regulations shall include procedures for dealing with violations thereof. A copy of such rules and regulations shall be furnished each inmate. **Corporal punishment is prohibited.**

28.

Violation of a state statute evidences unreasonable conduct and breach of duty.

29.

The Employee Rules forbid corporal punishment and verbal abuse.

30.

Violation of prison rules, regulations and post orders evidences unreasonable conduct and a breach of duty.

31.

It was unreasonable for Defendant(s) to use force on Plaintiff when he was not resisting and when he was no longer resisting or attempting to flee or, otherwise, commit any crime.

32.

Use of force was unnecessary and excessive to any need and/or there was no need for use of force under the 8th Amendments and the circumstances presented where the Plaintiff was not resisting, not fleeing and not fighting back.

33.

Whether there was other policy and practice in place at the DWCC pertaining to the use of force, which policy was violated and which caused or contributed to the injuries, is unknown at this time.

34.

Defendants sought to punish TRAMAIN POLK by use of unnecessary and excessive force although he was not resisting and then to delay his medical care for the injuries they caused. The Defendants do not have the legal or moral right to punish inmates in a manner they deem appropriate.

35.

Violating inmates rights and failure to follow rules and regulations implemented for the protection of inmates constitutes deliberate indifference, breach of duty and abuse of power.

36.

The following claims for relief are pled collectively and in the alternative.

37.

**FIRST CLAIM FOR RELIEF**
**SECTION 1983 VIOLATION OF CIVIL RIGHTS**

Plaintiffs seek relief pursuant to 42 U.S.C. § 1983.

Under the color of State and local law, Defendants violated the Plaintiff's 8th Amendment right to be free from use of unnecessary and/or excessive force, corporal punishment and cruel and unusual punishment while being seized and/or detained by the Defendant.

38.

Guards are prohibited by state law from using corporal punishment on prisoners. La. R.S. 15:829.

39.

Use of corporal punishment was prohibited and/or force was unnecessary and/or

excessive to any need and/or there was no need for use of force under the 4th or 8th Amendment and the circumstances presented.

40.

The conduct of the Defendants was extreme and outrageous.

41.

Defendants acted in a manner that was in wanton or reckless disregard or with malice or willfulness to cause injury and violate constitutional rights.

42.

**CLAIM FOR RELIEF COSTS AND ATTORNEY FEE**

Plaintiff seeks relief in the form of attorney's fees and cost pursuant to 42 USC § 1988 and punitive damages pursuant to 42 USC § 1983, et seq..

43.

**SECOND CLAIM FOR RELIEF**
**BATTERY/NEGLIGENCE**

In the alternative, LT. DAVIS committed a battery by spraying a chemical into the Plaintiff's face and head and into his mouth and eye without his consent when the Plaintiff was not the aggressor, not resisting, not fleeing or fighting back and/or LT. DAVIS was negligent or committed a battery.

44.

Plaintiff seeks relief under La. C.C. arts. 2315 of the Louisiana Civil Code, which injuries were occasioned by the intentional and/or negligent acts and/or omissions of the Defendant(s) herein, and, in the alternative, for intentional infliction of emotional distress.

45.

**THIRD CLAIM FOR RELIEF**
**RESPONDEAT SUPERIOR**

An employer is liable pursuant to respondeat superior for the tortious acts committed against third parties by its employees during the course and scope of employment and while under its control, direction and supervision pursuant to La. C.C. arts. 2315, 2317, and 2320.

Wherefore, Plaintiff prays that the Defendants be cited to appear and answer and that after resolution of this matter that this Honorable Court enter Judgment in favor of the Plaintiff against the Defendants with legal interest from the date of demand ad well as costs of court, litigation costs and punitive damages, as follows:

a. Physical pain and suffering;

b. Physical injuries;

c. For emotional and mental distress, pain and suffering, humiliation,

embarrassment and loss of employment opportunities;

d. Medical, hospital and pharmaceutical bills and services past, present, and future;

e. inconvenience;

f. lost wages;

g. All litigation expenses;

h. For attorneys fees and for costs as may be allowable by law; and

i. For such other relief that the Court may deem just, equitable, or proper.

Respectfully submitted:

Donna U. Grodner (20840)
GRODNER LAW FIRM
2223 Quail Run, B-1
Baton Rouge, Louisiana 70808
(225) 769-1919 FAX 769-1997
dgrodner@grodnerlaw.com

SERVICE INFORMATION
CLERK PLEASE SERVE:
LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
Office of Risk Management, through the Governor's Office through the Attorney General and Attorney General through Honorable Liz Murrell
1885 North 3rd St., 3rd Floor, Baton Rouge, Louisiana 70802

LT. DAVIS; and GARY WESCOTT, SECRETARY, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
Through Rhonda Weldon
504 Mayflower Street
Baton Rouge, Louisiana 70802

RECEIVED
JUN 14 2024
BY DIV. C

43415

Truman Polk

V.

Lt. Robert Davis

State of Louisiana Through Louisiana Department of Public Safety and Corrections David Wade Correctional Center

* CIVIL ACTION NO.:

* 2nd JUDICIAL DISTRICT

* Claiborne PARISH

* STATE OF LOUISIANA

****************

FILED:

FILED
OCT 30 2024
DEPUTY CLERK
CLAIBORNE PARISH LA

**MOTION TO PROCEED IN FORMA PAUPERIS**

On motion of Proceed In ForMa Pauperis through undersigned counsel, on suggesting to the court that mover does not have sufficient funds to advance court costs and is unable to pay the costs of court because of mover's poverty and lack of means, mover wishes to exercise the privilege granted pursuant to Louisiana Code of Civil Procedure Art 5181, and applies to this court for permission to proceed in forma pauperis.

In support, mover has attached an affidavit verifying mover's poverty and lack of means, as well as the affidavit of a third person, having personal knowledge of mover and mover's financial condition, verifying that mover is unable to pay the costs of court, in advance or as they accrue, or to furnish security for the costs.

**ORDER**

Denied

Considering the preceding motion, it is ordered that mover be permitted to litigate, or to continue the litigation of, the action or proceeding, without the payment of costs, in advance or as they accrue, or furnishing security for the costs.

Order signed at Arcadia, Louisiana on this 30 day of October 2024

Judge

Respectfully submitted,

Donna U. Grodner #20840

Grodner Law Firm
2223 Quail Run Drive Suite B-1
Baton Rouge, LA 70808
Phone: 225/769-1919
Fax: 225-769-1997

43415

If answer was yes, state the nature of the property and its value: ____________________

______________________________________________

______________________________________________

Do you own or have an interest in any of the following:

| | | | | |
|---|---|---|---|---|
| A) | Automobile | Yes ____ | No ✓ | Value: $ ____ |
| B) | Mobile Home | Yes ____ | No ✓ | Value: $ ____ |
| C) | Boat | Yes ____ | No ✓ | Value: $ ____ |
| D) | Livestock | Yes ____ | No ✓ | Value: $ ____ |
| E) | Machinery | Yes ____ | No ✓ | Value: $ ____ |
| F) | Stocks | Yes ____ | No ✓ | Value: $ ____ |
| G) | Bonds | Yes ____ | No ✓ | Value: $ ____ |
| H) | Certificates of Deposit | Yes ____ | No ✓ | Value: $ ____ |
| I) | Bank Accounts | Yes ____ | No ✓ | Value: $ ____ |
| J) | Savings Accounts | Yes ____ | No ✓ | Value: $ ____ |

Is anyone dependent upon you for Support? No

If answer is yes, state their names, ages and relationship:

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

______________________________________________

List any debts you may have:

| Creditor | Amount Owed |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| | $ |

**STATEMENT OF ACCOUNT**
(Certified Institutional Equivalent)

I hereby certify that Tramain Polk, inmate number 600789, the plaintiff herein has the following sums of money on account to his credit at LSP, the institution where he is confined:

Prison Drawing Account: $ -0-

Prison Savings Account: $ -0-

A. Cash ______

B. Bonds ______

I further certify that the average monthly deposits for the preceding six months is $ -0-.

*(The average monthly deposits are to be determined by adding the deposits made during a given month and dividing that total by the number of deposits made during that month. This is repeated for each of the six months. The average from each of the six months are to be added together and the total is to be divided by six.)*

I further certify that the average monthly balance for the prior six months is $ -0-.

*(The average monthly balance is to be determined by adding each day's balance for a given month and dividing that total by the number of days in that month. This is to be repeated for each of the six months. The balance from each of the six months are to be added together and the total is to be divided by six.)*

______ Date Certified

Saundra Rosso
Signature of Authorized Officer of Institution

DATE
OCT 23 2024
CERTIFIED

TOTAL P.002

43415

# APPENDIX 9.6
## LOUISIANA CIVIL CASE REPORTING
## Civil Case Cover Sheet - LA. R.S. 13:4688, Part G, §13 of the Louisiana Supreme Court General Administrative Rules, and Appendix 9.6 of the Louisiana District Court Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

FILED
OCT 30 2024
DEPUTY CLERK
CLAIBORNE PARISH, LA

**Suit Caption:** Tramain Polk vs. St. Denis

**Court:** 2nd JDC **Docket Number:** 43415

**Parish of Filing:** Claiborne **Filing Date:** ____

**Name of Lead Petitioner's Attorney:** Grodner & Associates, A.P.L.C. Attorneys at Law 2223 Quail Run, Suite B Baton Rouge, LA 70808

**Name of Self-Represented Litigant:** ____

**Number of named petitioners:** 1 **Number of named defendants:** 2

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

__Auto: Personal Injury
__Auto: Wrongful Death
__Asbestos: Property Damage
__Product Liability
X Intentional Bodily Injury
__Intentional Wrongful Death
__Business Tort
__Defamation
__Environmental Tort
__ Intellectual Property
__ Legal Malpractice
__ Other Professional Malpractice
__ Maritime
__ Wrongful Death
__General Negligence
__ Auto: Property Damage
__ Auto: Uninsured Motorist
__ Asbestos: Personal Injury/Death
__ Premise Liability
__ Intentional Property Damage
__ Unfair Business Practice
__ Fraud
__ Professional Negligence
__ Medical Malpractice
__ Toxic Tort
__ Other Tort (describe below)
__ Redhibition
__ Class action (nature of case)

____

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

Inmate mace inter loss of vision

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name Grodner & Associates, A.P.L.C. Signature [signature]

Address Attorneys at Law 2223 Quail Run, Suite B Baton Rouge, LA 70808

Phone number 225-769-1919 E-mail address dgrodner@grodnerlaw.com

43415

**STATEMENT OF ACCOUNT**
(Certified Institutional Equivalent)

I hereby certify that Tramain Polk, inmate number 600789 the plaintiff herein has the following sums of money on account to his credit at LSP, the institution where he is confined:

Prison Drawing Account: $ -0-

Prison Savings Account: $ -0-

A. Cash ______________

B. Bonds ______________

I further certify that the average monthly deposits for the preceding six months is $ -0-.

*(The average monthly deposits are to be determined by adding the deposits made during a given month and dividing that total by the number of deposits made during that month. This is repeated for each of the six months. The average from each of the six months are to be added together and the total is to be divided by six.)*

I further certify that the average monthly balance for the prior six months is $ -0-.

*(The average monthly balance is to be determined by adding each day's balance for a given month and dividing that total by the number of days in that month. This is to be repeated for each of the six months. The balance from each of the six months are to be added together and the total is to be divided by six.)*

______________ Saundra Rosso
Date Certified — Signature of Authorized Officer of Institution

DATE
OCT 23 2024
CERTIFIED

TOTAL P.002

43415

# APPENDIX 9.6
# LOUISIANA CIVIL CASE REPORTING

## Civil Case Cover Sheet - LA. R.S. 13:4688, Part G, §13 of the Louisiana Supreme Court General Administrative Rules, and Appendix 9.6 of the Louisiana District Court Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

FILED
OCT 30 2024
DEPUTY CLERK
CLAIBORNE PARISH, LA

**Suit Caption:** Tramain Pork vs. St. Denis

**Court:** 2nd JDC **Docket Number:** 43415

**Parish of Filing:** Claiborne **Filing Date:** ______

**Name of Lead Petitioner's Attorney:** Grodner & Associates, A.P.L.C. Attorneys at Law 2223 Quail Run, Suite B Baton Rouge, LA 70808

**Name of Self-Represented Litigant:** ______

**Number of named petitioners:** 1 **Number of named defendants:** 2

**Type of Lawsuit: Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

__Auto: Personal Injury
__Auto: Wrongful Death
__Asbestos: Property Damage
__Product Liability
X Intentional Bodily Injury
__Intentional Wrongful Death
__Business Tort
__Defamation
__Environmental Tort
__ Intellectual Property
__ Legal Malpractice
__ Other Professional Malpractice
__ Maritime
__ Wrongful Death
__General Negligence
__ Auto: Property Damage
__ Auto: Uninsured Motorist
__ Asbestos: Personal Injury/Death
__ Premise Liability
__ Intentional Property Damage
__ Unfair Business Practice
__ Fraud
__ Professional Negligence
__ Medical Malpractice
__ Toxic Tort
__ Other Tort (describe below)
__ Redhibition
__ Class action (nature of case)
______

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

Inmate mace in the loss of vision

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name Grodner & Associates, A.P.L.C. Attorneys at Law Signature [signature]

Address 2223 Quail Run, Suite B Baton Rouge, LA 70808

Phone number: 225-769-1919 E-mail address: dgrodner@grodnerlaw.com

43415

Donna U. Grodner

DG
Serious Personal Injury Attorney
DONNA GRODNER

dgrodner@grodnerlaw.com

October 24, 2024
via mail

OCT 30 2024

Clerk of Court
2nd Judicial District Court
Claiborne Parish
512 E Main St
Homer, LA 71040

**RE: Tramain Polk v. Lt Davis and State of Louisiana through Louisiana Department of Public Safety and Corrections David Wade Correctional Center** 43415

Dear Sir/Madam:

Please find enclosed herewith the original and three (3) copies of the following for filing:

1.) Civil Cover Sheet and 2.)Petition For Damages/Mace Loss of Eyesight
Please issue citation and service as directed below:

1. LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS
Office of Risk Management, through the Governor's Office through the Attorney General and Attorney General through Honorable Liz Murrell
1885 North 3rd St., 3rd Floor, Baton Rouge, Louisiana 70802

2. LT. DAVIS; and GARY WESCOTT, SECRETARY, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
Through Rhonda Weldon
504 Mayflower Street
Baton Rouge, Louisiana 70802

11/14

Please also find an original and one copy of Motion to Proceed in Forma Pauperis, which we ask that you return a conformed copy.

We ask that your please provide Notice of all Hearings, Orders and Judgments by mail to all counsels for (plaintiffs and defendants in case). Please return a stamped copy to us showing the date of filing in the self-addressed, envelope provided.

Sincerely,

Donna U. Grodner

Enclosure

# Citation

TRAMAIN POLK, #600789
Versus
LT. DAVIS AND STATE OF LOUISIANA,
THROUGH LOUISIANA DEPARTMENT
OF PUBLIC SAFETY AND CORRECTIONS,
DAVID WADE CORRECTIONAL CENTER

Docket Number: C-43415
Claiborne Parish, Louisiana
Second Judicial District Court

**To: LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF RISK MANAGEMENT, THROUGH THE GOVERNOR'S OFFICE, THROUGH THE ATTORNEY GENERAL AND ATTORNEY GENERAL THROUGH HONORABLE LIZ MURRELL**
**1885 NORTH 3RD STREET, 3RD FLOOR**
**BATON ROUGE, LOUISIANA 70802**

You are hereby cited to comply with the demand contained in the Petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the SECOND JUDICIAL DISTRICT COURT, in and for the Parish of CLAIBORNE, which office is in the Town of HOMER, said Parish and State, within **TWENTY ONE (21) days** after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of a default judgment against you.

Witness the Honorable Judges of said Court, this MONDAY, DECEMBER 30, 2024.

BRIAN M. FLYNN, CLERK OF COURT

By: ______________________________
Deputy Clerk

*Attorney:*

*Donna U. Grodner*
*Grodner Law Firm*
*2223 Quail Run, B-1*
*Baton Rouge, Louisiana 70808*
*(225) 769-1919*
*Attorney for Tramain Polk*

---

These documents mean you have been sued. Legal assistance is advisable and you should contact a lawyer immediately.
DEPUTY CLERKS OF COURT ARE NOT PERMITTED TO GIVE LEGAL ADVICE.

RECEIVED ON THE ________ DAY OF ___________, 20_______ AND ON THE _______ DAY OF _______________, 20______ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED ____________________.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF ________________________________, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF ________________________ THIS __________ DAY OF _______________, 20____.

SERVICE $______________
MILEAGE $______________
TOTAL $______________

BY: ______________________________
DEPUTY SHERIFF

ORIGINAL – RETURN     COPY – SERVICE     COPY - CLERK

# Citation

TRAMAIN POLK, #600789
Versus
LT. DAVIS AND STATE OF LOUISIANA, THROUGH LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, DAVID WADE CORRECTIONAL CENTER

Docket Number: C-43415
Claiborne Parish, Louisiana
Second Judicial District Court

**To: LT. DAVIS and GARY WESCOTT, SECRETARY, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,**
**THROUGH RHONDA WELDON**
**504 MAYFLOWER STREET**
**BATON ROUGE, LOUISIANA 70802**

You are hereby cited to comply with the demand contained in the Petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the SECOND JUDICIAL DISTRICT COURT, in and for the Parish of CLAIBORNE, which office is in the Town of HOMER, said Parish and State, within **TWENTY ONE (21) days** after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of a default judgment against you.

Witness the Honorable Judges of said Court, this MONDAY, DECEMBER 30, 2024.

BRIAN M. FLYNN, CLERK OF COURT

By: ______________________________
Deputy Clerk

*Attorney:*

*Donna U. Grodner*
*Grodner Law Firm*
*2223 Quail Run, B-1*
*Baton Rouge, Louisiana 70808*
*(225) 769-1919*
*Attorney for Tramain Polk*

---

These documents mean you have been sued. Legal assistance is advisable and you should contact a lawyer immediately.
DEPUTY CLERKS OF COURT ARE NOT PERMITTED TO GIVE LEGAL ADVICE.

RECEIVED ON THE ________ DAY OF ___________, 20______ AND ON THE ________ DAY OF _______________, 20______ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED ____________________.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF ________________________________, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

RETURNED: PARISH OF ________________________ THIS ___________ DAY OF ________________, 20____.

SERVICE $______________
MILEAGE $______________
TOTAL $______________

BY: ______________________________
DEPUTY SHERIFF

ORIGINAL – RETURN COPY – SERVICE COPY - CLERK

246 RECT

# Citation

TRAMAIN POLK, #600789
Versus
LT. DAVIS AND STATE OF LOUISIANA, THROUGH LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, DAVID WADE CORRECTIONAL CENTER

Docket Number: C-43415
Claiborne Parish, Louisiana
Second Judicial District Court

**To: ~~LT. DAVIS~~ and GARY WESCOTT, SECRETARY, LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,**
**THROUGH RHONDA WELDON**
**504 MAYFLOWER STREET**
**BATON ROUGE, LOUISIANA 70802**

You are hereby cited to comply with the demand contained in the Petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the SECOND JUDICIAL DISTRICT COURT, in and for the Parish of CLAIBORNE, which office is in the Town of HOMER, said Parish and State, within **TWENTY ONE (21) days** after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of a default judgment against you.

Witness the Honorable Judges of said Court, this MONDAY, DECEMBER 30, 2024.

BRIAN M. FLYNN, CLERK OF COURT
By [signature]
Deputy Clerk SHANNON T. SKINNER

RECEIVED
DATE
JAN 03 2025
E.B.R. Sheriff's Office

*Attorney:*

*Donna U. Grodner*
*Grodner Law Firm*
*2223 Quail Run, B-1*
*Baton Rouge, Louisiana 70808*
*(225) 769-1919*
*Attorney for Tramain Polk*

FILED
JAN 16 2025
[signature]
DEPUTY CLERK
CLAIBORNE PARISH, LA

---

These documents mean you have been sued. Legal assistance is advisable and you should contact a lawyer immediately.
DEPUTY CLERKS OF COURT ARE NOT PERMITTED TO GIVE LEGAL ADVICE.

RECEIVED ON THE ________ DAY OF ____________, 20_______ AND ON THE _______ DAY OF _______________, 20______ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED ____________________.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF ______________________________, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

I made departmental service on the below named Law enforcement officer through tendering a copy of this document to:

RETURNED: PARISH OF ______________________ THIS JAN 06 2025 DAY OF ________________, 20____.

☑ Rhonda Weldon ☐ Jayla Marceaux

SERVICE $______________
MILEAGE $______________
TOTAL $______________

BY: DEPUTY LAVONITA EALY #1202
Deputy Sheriff, Parish of East Baton Rouge, Louisiana
DEPUTY SHERIFF

ORIGINAL – RETURN COPY – SERVICE COPY - CLERK

Didn't accept for Lt. Davis

# Citation

TRAMAIN POLK, #600789
Versus
LT. DAVIS AND STATE OF LOUISIANA, THROUGH LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, DAVID WADE CORRECTIONAL CENTER

Docket Number: C-43415
Claiborne Parish, Louisiana
Second Judicial District Court

**To:** **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, OFFICE OF RISK MANAGEMENT, THROUGH THE GOVERNOR'S OFFICE, THROUGH THE ATTORNEY GENERAL AND ATTORNEY GENERAL THROUGH HONORABLE LIZ MURRELL**
**1885 NORTH 3RD STREET, 3RD FLOOR**
**BATON ROUGE, LOUISIANA 70802**

You are hereby cited to comply with the demand contained in the Petition, a certified copy of which accompanies this citation, or to file your answer or other pleading to said petition in the office of the Clerk of the SECOND JUDICIAL DISTRICT COURT, in and for the Parish of CLAIBORNE, which office is in the Town of HOMER, said Parish and State, within **TWENTY ONE (21) days** after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of a default judgment against you.

Witness the Honorable Judges of said Court, this MONDAY, DECEMBER 30, 2024.

BRIAN M. FLYNN, CLERK OF COURT
By: [signature]
Deputy Clerk SHANNON T. SKINNER

*Attorney:*

*Donna U. Grodner*
*Grodner Law Firm*
*2223 Quail Run, B-1*
*Baton Rouge, Louisiana 70808*
*(225) 769-1919*
*Attorney for Tramain Polk*

FILED
JAN 16 2025
Glenda Williams
DEPUTY CLERK
CLAIBORNE PARISH, LA

RECEIVED
DATE
JAN 03 2025
E.B.R. Sheriff's Office

---

These documents mean you have been sued. Legal assistance is advisable and you should contact a lawyer immediately.
DEPUTY CLERKS OF COURT ARE NOT PERMITTED TO GIVE LEGAL ADVICE.

RECEIVED ON THE ________ DAY OF ___________, 20_______ AND ON THE _______ DAY OF ______________, 20______ SERVED THE ABOVE NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE ON THE PARTY HEREIN NAMED ____________________.

DOMICILIARY SERVICE ON THE PARTY HEREIN NAMED BY LEAVING THE SAME AT HIS DOMICILE IN THE PARISH IN THE HANDS OF ______________________________, A PERSON APPARENTLY OVER THE AGE OF SEVENTEEN YEARS, LIVING AND RESIDED IN SAID DOMICILE AND WHOSE NAME AND OTHER FACTS CONNECTED WITH THIS SERVICE, I LEARNED BY INTERROGATING THE SAID PERSON, SAID PARTY HEREIN BEING ABSENT FROM HIS RESIDENCE AT THE TIME OF SAID SERVICE.

Served Louisiana State Office in the parish of East Baton Rouge, State of Louisiana on: 10:50 AM JAN 06 2025 by handing said copy in person to:

RETURNED: PARISH OF ______________________ THIS ________ DAY OF ________________, 20____.
SERVICE $______________
MILEAGE $______________
TOTAL $______________
BY: ____________________
DEPUTY SHERIFF
DY. D. MCKNIGHT #7515
Deputy Sheriff, Parish of East Baton Rouge, LA

ORIGINAL – RETURN COPY – SERVICE COPY – CLERK